UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:09-CV-0078 WL |
| EXPERIAN, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Plaintiff Christopher Washington, submitted a complaint under 42 U.S.C. § 1331, asserting that Experian, Transunion Credit Union, State Farm Insurance Company, American General Finance, Agent Healthcare Financial Services, Credit Acceptance Corporation, and Verizon Wireless violated provisions of the Fair Credit Reporting Act by "not removing inaccurate items from my credit report after four months of investigation." (Complaint at p. 2). Washington seeks leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2). Section 1915(e)(2)(B) requires a court to *sua sponte* dismiss a complaint filed *in forma pauperis* at any time if the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim may be dismissed for failure to state a claim upon which relief can be granted only if it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, *pro se* complaints are liberally construed. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). If a plaintiff "pleads facts that show his suit without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

The complaint names seven defendants, Experian, Transunion Credit Bureau, State Farm Automobile Insurance Company, American General Finance, Agent Healthcare Financial Services, Credit Acceptance Corporation, and Verizon Wireless. The records of this court establish that on November 28, 2007, this plaintiff filed a civil claim pursuant to 42 U.S.C. § 1983 against the same seven defendants, *Washington* v. *Experian*, 1:07cv301 RM. That case was dismissed on the merits on April 23, 2008.

> Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. If these requirements are fulfilled, *res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006) (quotation marks and citations omitted).

The complaint in 1:07cv301 RM establishes that not only did the complaint in that case deal with the same defendants as the complaint in the instant case, but that both complaints deal with the same events. In his complaint in 1:07cv301 RM, Washington alleged that:

> I Christopher E. Washington is filing a civil action law suite (sic) against the following defendants, Experian, State Farm Automobile Ins., American General Finance, Agent Healthcare Fin. Sv-NIPSCO, Verizon Wireless/ Greate (sic) L. Credit Acceptance, [and] Transunion, all the above violating my constitutional rights for discrimination on my race, sex, religion, civil rights from July 20, 2007 until now for not removing inaccurate items from my credit report after four months of investigation.

1:07cv301 RM, DE 1 at p. 2.

In his instant complaint, Washington alleges that "on or about July 20, 2007, Washington was a victim of identity theft." (Complaint ¶ 10). Washington states that he complained to the defendants, but that they "failed to correct the false, erroneous and misleading information in Washington's credit report." (Complaint at ¶ 16).

Comparison of the two complaints establishes that they both name the same defendants and that both complaints are based on the same operative facts. The docket in 1:07cv301 RM establishes that the defendants filed motions to dismiss and that the court dismissed that case pursuant to Fed. R. Civ. P. 12(b)(6) on the merits and with prejudice. Thus these two complaints have an identity of the parties or their privies and an identity of the operative facts, and the final judgment in 1:07cv301 RM was on the merits. Accordingly, all of the elements necessary for the doctrine of *res judicata* are present.

Washington's earlier complaint against these defendants was based on 42 U.S.C. § 1983 while the instant complaint is based on 42 U.S.C. § 1331. But the doctrine of *res judicata* bars not only those issues that the parties actually litigated, but also any issue which the parties could have

raised in the prior action. *Highway J Citizens Group v. United States DOT*, 456 F.3d at 741. The plaintiff could have raised his § 1331 claims in 1:07cv301 RM, so the doctrine of *res judicata* precludes him from bringing them in this cause of action.

For the foregoing reasons, the court DENIES the plaintiff's motion for leave to proceed *in forma pauperis* (DE #2) and DISMISSES this cause of action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

SO ORDERED.

DATED: April 13, 2009

                                            **s/William C. Lee**
                                            William C. Lee, Judge
                                            United States District Court